Good morning. It's a pleasure to be here on behalf of Mike and Lynn Bruser. I'd like to reserve three minutes of my time. All right please watch your clock. Thank you. Your Honors, this is the simplest and easiest appeal that's probably ever come up. My clients have conceded that they're responsible for trustees fees. That was in the condominium conveyance document when they bought into this small shopping center in Waikiki. Now all lawyers and judges know that the next question is, what's the definition of trustees fees when in fact they entered into that agreement? And it's clear because the reference in the condominium conveyance document is in accordance with the trust agreement. So if we look at the trust agreement, what do we find? Can we back up a minute please? The district judge found that there was, you couldn't reach that question for Rockefellman reasons, is that right? Well, the district court judge accepted what the probate judge had decided. Because she thought she was compelled to do that under Rockefellman. Well, that's the confusion because the trust agreement says... What page of the trust agreement are you referring to? Pardon? I'm looking at the trust agreement. What page or paragraph of the trust agreement are you talking about? Okay, I was looking at, it's in excerpts of record volume two pages 190 to 223. Okay, could you just tell me in terms of the trust agreement itself, what page of the trust agreement? Well, you're talking about page 13 to 14? Yeah, the trust agreement provides that it's purely ministerial. And on volume two, page 202, it points out that the trust agreement cannot be amended without the consent of the trustee and every person with a beneficial interest. And that's another issue because the association holds the majority, now the beneficial interest, and they objected to the reasonableness of the fee. And what's also important is that there's a managing agent for this condominium by statute and by the declaration of the condominium. So, the management of the condominium is done by the managing agent who does everything. So, the only thing left for the trustee is to accept a couple of checks, and now there's only five beneficiaries, and hand out checks every quarter to the five state court with regard to the trust responsibility, or are you trying to argue separately that your contract doesn't incorporate whatever that determination is? The key here to escape all the confusion. Could you answer my question? Yes. Yes, what? We're contesting not only what the probate court did. We are contesting what the probate court did. Yes. All right. So, can we go back to my original question? How can you contest what the probate court did? Pardon? How can you contest what the probate court did? Now, the district court said there was a Rooker-Feldman problem. Your only answer to that is a jurisdictional one, which doesn't work. There may be a problem with the Rooker-Feldman, but if not, I don't understand how you get, tell me how you get to attack what the state court, probate court did. Let me explain. In the U.S. district court, it's a contract dispute. In the probate court, the probate court... I understand that, but you want, as part of the contract dispute, not to accept the finding of the probate court and then to make, to argue on the contract, but you want to dispute the finding of the probate court. The probate court did not decide what my client had to pay. That's right. You're right about that. Okay. It decided a fiduciary fee. Right. Well, they decided what the trust agreement provides with regard to the appropriate fee, and the question is, whoever's going to pay it? And the question is, can you attack that? Yes, because it's a decision as to a fiduciary fee. It's not the trustee fee that my client agreed to. Is there any provision in the, any of the documents, either the trust agreement or the contract, that makes that distinction? Yes, because the trust agreement talks about a ministerial act. It talks about limitations on the trustee's fee. It talks about the fact that trustee fee can't be changed without mutual consent of the beneficiaries, which was denied. You see, my client entered into an agreement. This is a commercial lease. You can look at the definition of trustee fee for purposes of what my client agreed to in the meeting of the minds. You can also look to what the conduct of the parties were, in which case they originally agreed on a $500 fee. Then when we went into district court 10 years or so ago, we had a dispute, and my client said, okay, I'll make it $1,100. But the bank came in to the probate court and said, first, they wanted $25,000 a month. And then the probate court said, okay, we'll give you $10,000. And the probate court didn't allow discovery, didn't explain how it came to that amount. But then the probate court, very important, the probate court said, we're not going to decide who has to pay. We're going to take that money out of the beneficiary's share and leave it to the U.S. District Court to decide who is going to pay. Now, what the district court needed to do was to decide what the trustee fee was. It wasn't the same. There's a confusion here. You can't keep on calling something trustee fee. And obviously, if the trustee decided they wanted to expand and build something equivalent to the Empire State Building, my client wouldn't be liable. My client is only liable contractually under his obligation of contract to what was agreed upon. And the trustee fee is specifically defined in the trust agreement. With a condition also that can't be changed without mutual agreement, consent of the beneficiaries. And there was never consent. The association is now the beneficiary with over, I think, 67%. And they refused and objected to the amount of the trustee's fee. So it's all right for the probate court to say, well, based upon how much you're administering, therefore, we'll apply some formula and decide you get a certain percentage. So we'll make it 10,000 because we want to keep you. Well, the probate court can do that. But it can't change the contractual agreement of the parties. So the contract, what piece of paper is the contract? The condominium conveyance document, the important deed, what is it? The trust agreement specifies. The trust agreement is not the contract between you and anybody. I disagree with you because the condominium conveyance document, volume three of the excerpts of record, page 324, paragraph 12, specifically says that the obligation of my clients is defined under the terms of the trust agreement dated June 16th, 1974, as amended. It incorporates the limitations in the trust agreement. So if you look at it from a commercial point of view, my client buys the small shopping center. You're talking about the last sentence of paragraph 12 of the conveyance document, is that what you're talking about? Yes. Yes. Okay. So my client buys a shopping center and he assumes an obligation at that time, which is $500 a month. And now it balloons to $10,000 a month or whatever, theoretically, in the confusion of this record, the probate court might say. Now, that's a clear violation of the obligation of contract. So the problem with the district court was that the district court had to decide what the trustee fee was in terms of what was agreed upon, not what subsequently was decided in the probate court. And the probate court judge was smart. He said, I am not going to decide who has to pay. Presumably, somebody could pay a part of it. Somebody could pay another part of it. So the probate court left that to the district court judge. And the district court judge had an obligation to decide what the trustee fee was in terms of that agreement. Otherwise, my client would be out of business. What if the probate court decided, well, $25,000? Well, we don't care what the fiduciary fee is. Let the beneficiaries pay that. We're concerned what my client agreed to when he assumed and assigned the conveyance document. All right. Thank you, counsel. You're over time. I'll give you time for rebuttal. Will I have time for rebuttal? I'll give you some time for rebuttal. You're over your time now. Thank you very much. Thank you. May it please the court. Good morning. My name is Jonathan Bolton. I represent the Apele Bank of Hawaii. I've agreed to yield three minutes to counsel for Apele Association of Apartment Owners. Your honors, it's clear from counsel's argument and his brief before this court that precisely what he is arguing you today is that the district court should have overturned the probate court's decisions. And that's clearly a violation. Now, with regard to Rooker-Feldman, the probate court was wrong, wasn't it? Because there was no final determination. There was no determination at the time the case was filed by the probate court. You're talking about the time the U.S. district court case was filed. There was no determination in the probate court about the fee at that point. Actually, your honor, there was a fee that was in place at that point. But not the one that's being disputed now. That's correct, your honor. So, in fact, Rooker-Feldman by its terms doesn't apply. Your honor, I think... Which nobody seems to have noticed. Your honor, I think the concern is that the court is looking, in most of these cases, it concerns a judgment by the state court, a final judgment that someone is running the federal court to try to overturn. Right. And that's not what happened here. That's not what happened here. But what you do have is, I'll say it's a different... Well, if anything applies, it's essentially issue of proclusion. It could be some sort of abstention or whatever, but... Right. But it's not Rooker-Feldman. But if you look at the Rooker case, all of the same elements that they're claiming here... But that's really not true. Because the whole point of Rooker-Feldman is there's no jurisdiction to review a state court judgment. And there is no state court judgment. And the cases are really clear about that. Your honor, I understand. However... Well, if you understood, it might have been a good idea to have told us that. Because you didn't. Your honor, I understand you... That's the next question, which is whether by not telling us that, you basically... Everybody here has acceded to the Rooker-Feldman jurisdiction of determination. We should just accept it. Well, your honor, it's true that the bruisers actually did in the state, in the federal court. They actually agreed that Rooker-Feldman applied. Everybody agreed. What does that leave us if we think it doesn't apply? Do we have to send it back to district court to start all over again? Well, your honor, that's an interesting question. And I'll tell you what. In the probate court appeal, remember there was a judgment that wasn't stayed. It's been appealed by the bruisers. And you have before you in the supplemental filing by the association, the ICA's decision that came down a few months ago. Was there a petition to the Hawaii Supreme Court? There is. It's still pending? It's still pending, your honor. We are filing our response to the bruiser's petition by the Supreme Court. No, there's no. So for purposes of issue preclusion under Hawaii law, which as I understand it, runs from the end of the appeals, there's no possible issue of preclusion now. Not right at this point, your honor. You're right. But the decision on. Perhaps there should be some, I mean, perhaps the, these proceedings should have been stayed in favor of the probate proceedings. Not that still there would be a retention of jurisdiction. What's really interesting, your honors, is in the ICA decision, the bruisers actually raised the issue of their liability. The same issue that was before the U.S. District Court. And now the probate court in its decision, although it wasn't raised below, decided to take up that issue and found the bruisers have liability under the CCD. I know it's unusual, but it was raised by them in their briefing to the ICA and the ICA decision. The, the, the, I, I don't know about the ICA, but the trial court didn't decide it, right? The ICA is the court of appeal, right? Right. The intermediate court of appeal. How can you make that kind of a finding on, at the appellate level? I know it's unusual, your honor. This case is really messed up. That's why I didn't buy the representation that this was a simple case. Yeah. They raised it in their briefing to the intermediate court of appeals. And the court noted in its opinion that it's unusual because they didn't raise this issue below. It's raised for the first time appeal, but we're going to go ahead and address it. And they actually found, they reviewed the CCD and basically made the same findings as the U.S. District Court. Okay. Well, what is the basis for the claim of, I mean, of what they owe and under which agreement? The claim before the U.S. District Court was the CCD, the language of the CCD. So under the covenant, what's that one called? It's the condominium conveyance document. That's correct. Condominium conveyance document. Correct. And the condominium conveyance document says the apartment owner shall also pay to the lesser all fees and expenses charged or incurred by the lesser as trustee under the trust agreement. So is that an arbitrary number? Like any charges? It's open ended. It could be anything? No, your honor. Because if you look at the trust agreement, it says the fee has to be reasonable. Now, counsel's hypothetical that, you know, the trustee could go out and buy some huge other piece of property and start charging enormous trustee's fees. That's preposterous because the ultimate limitation is a court looking at it and saying this is unreasonable. That's what we have here. We have the probate court who looked at the 9850 fee, which actually was a compromise fee among all the parties before the probate court. Although the AOAO and the bruisers were not a part of that compromise, there was a court looking at it to finally say whether it was reasonable or not. And that's what the U.S. District Court deferred to was that amount in finding that that decision's already been made. We're not going to re-litigate that issue here. That's on appeal still, right? That's correct. Although they did not seek any supersedious bond or stay of that judgment. So that judgment is enforceable against the bruisers right now. And that makes a difference, your honor. If they would have sought a stay or posted a bond, it wouldn't be enforceable. And it is as we stand here. What difference does that make to us? What difference does that make? I mean, presumably if they win in the state court, they'll get the money back. That's true. That is true, your honor. So I think the only issue in this case is regarding the Rooker-Feldman doctrine's application to the bruiser's request to look at the fee under the trust agreement. Let's assume that because I believe it to be true that the Rooker-Feldman was improperly applied, but they agreed to it and haven't really contested it even now. And Rooker-Feldman is a jurisdictional doctrine. But on the other hand, if somebody is agreeing to no jurisdiction, can we just agree to no jurisdiction even if we're wrong? Well, you can't agree to. You can't agree to jurisdiction. But can you agree to no jurisdiction? You agree to no jurisdiction. In other words, if he had agreed that there was jurisdiction, that wouldn't work. But you can't waive that there is jurisdiction. But can you waive that there's not jurisdiction? I think you probably can. You can try issues by consent all the time. Including lack of jurisdiction. If you agree that the court has jurisdiction and issues are tried, I think- Well, that's not true. But if you agree that there's no jurisdiction, is that different? It's interesting, actually. I'm not sure, your honor, but I'm out of time and I yield to my co-counsel. I think you're- I always say that when I was in that practice, I used to sit back there and be the second person. And the only way I know to get your attention is to make faces. So you did a good job. Thank you. I think the panel may have already answered its own question. And that is, all parties have conceded that Rooker-Feldman precludes any litigation of the reasonableness of the fee. And having conceded that, the district court properly reached the decision she did. We're just troubled by the fact that we think that's wrong. Well- So, and so we're- Well, it may be helpful to the court. There was a mention of issue preclusion and the Hawaii law on the subject of issue preclusion. I would point out that there is a pending petition for writ of certiorari by Mr. Dubin. That has not been granted. That is a discretionary appeal. To the Hawaii Supreme Court? That's correct. The Hawaii Supreme Court grants cert in approximately 20% of the cases before it. It is a discretionary matter. I would submit that under these circumstances, where you have a final decision by the Intermediate Court of Appeals, and the Hawaii Supreme Court has not accepted certiorari- I don't know what Hawaii, I mean, as a federal court, we would defer to Hawaii's issue preclusion law. Correct. And I thought California's issue preclusion rule is the end of the line. And I think that's Hawaii as well. In my view, it is different. And unfortunately, we didn't brief the issue because it's just come up during oral argument. But our view is that there is issue preclusion, given the ICA's decision. I would like to point out one thing very quickly about the ICA's opinion. And that is, the ICA really did get into this question of the reasonableness of the fee. The ICA looked at it in some detail. We have a statute in Hawaii, Section 60718, Hawaii Revised Statutes. That deals with compensation of trustees. And it says that trustees are entitled to reasonable fees. And therefore, they are limited. The hypothetical of, could you agree to the Empire State Building, that's not the case. And the reasonable compensation may be set forth in their published fee schedules. The Intermediate Court of Appeals opinion at page 25 specifically says, look, this is a scheduled fee. Therefore, it is presumptively reasonable by statute. And therefore, we are going to affirm the lower court's decision. And that's the basis upon which this decision was reached. At the time, we disagreed with it. But everybody is stuck with it. So I want the court to understand that the decision by the ICA was a carefully reasoned decision. You disagreed with what?  Well, we disagreed with the amount of the fee. Okay. And we fought that. But ultimately- Is anybody paying that though, other than the bruisers? The beneficiaries are paying it. Today, we are paying 62 cents on the dollar of that fee. Improperly, in our view, because the ICA said the bank's got to give that money back. But that's a question for another time. All right, thank you, counsel. Thank you, Your Honor. Mr. Dubin, I'll give you a minute or so for rebuttal. Thank you. I still say this is a simple case. It's dipped in confusion. But you have a contract and you have a fiduciary. There's two trustee fees. There's a contract fee relating to Mr. Bruiser and what was agreed upon. And then there's a trustee fee, which is a fiduciary fee, which the probate court can do what they want. Which nobody, which doesn't appear anywhere in the documents, but you've just concocted it, basically. It does, because the condominium conveyance references the trust agreement. Every lawyer knows you're going to have to look at the terms to decide what the terms mean. Okay, but there is no term of fiduciary fee versus trustee fee anywhere in the trust agreement or in the conveyance document. Your Honor, that's because my client is not a beneficiary. Okay, but you're saying that there's some distinction, but there is no such separate separation anywhere in the relevant documents. I think there is, because my client is a contractee. The statute provides for fiduciary trustee fees. The probate court can do whatever it wants to do, but my client entered into an agreement. There's such a thing as the obligation of contract. A court, a court, a probate court can't change the terms of a contract between the parties. And that, that's my point, that this is not, to the Hawaii Supreme Court, this is not a discretionary appeal. This is a mandatory appeal, because we're claiming it violates due process of law. But, whichever the terminology, the Hawaii Supreme Court will act. And then, and by the way, if the court wanted, I could, I could file the cert petition. But in it, we challenge the jurisdiction of the probate court. Now, if you've read the ICA decision, they say, well, nowhere do you, do you challenge the jurisdiction of the probate court until you, you know, got a bad result. That's patently not true. In all the papers, we challenge the jurisdiction of the probate court from day one with the first hearing and writing, and also orally. The prob, the ICA just did not do, not do its work properly. Now, the- Thank you, counsel. Counsel, you, you've well exceeded your time. We have all these documents in front of us, and we can check it out ourselves. So, thank you very much for your- Can I just make one, one last point? And that is, as to, the whole key here is the reasonableness of the fee. There was no- We understand that, counsel, and your time is up. Thank you. Thank you very, very much. Thank you. Bruiser versus Bank of Hawaii is submitted.
judges: Wardlaw, Berzon, Rawlinson